IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY GONZALES,

    Petitioner,

vs.                                          No. CIV 99-724 MV/LCS

JOE WILLIAMS, Warden, Lea
County Correctional Facility,
and PATRICIA MADRID, Attorney
General for the State of New Mexico

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed August 12, 1999 *(Doc. 10)*. For the reasons stated, I propose finding that the motion is well-taken and recommend that it be granted.

Proposed Findings

1.    Petitioner Tommy Gonzales is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Amended Judgment, Sentence and Commitment of the Fifth Judicial District Court for the County of Eddy, State of New Mexico dated March 4, 1994 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of possession of a controlled substance, to-wit cocaine. Petitioner was sentenced to eighteen months imprisonment, with the sentence suspended except for eight days. Petitioner was

1

also to serve one year mandatory parole after release from prison. In addition, Petitioner was sentenced to eight years imprisonment as an enhancement to the basic sentence because he was convicted of a prior felony, burglary, in 1978. The court allowed Petitioner eight days of pre-sentence confinement.

2. Respondents assert that this 28 U.S.C. §2254 petition for *habeas corpus* relief should be dismissed as untimely pursuant to 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

3. The following is a time line of the relevant events in this case:

| | |
|---|---|
| March 4, 1994. | The Judgment and Sentence is filed. |
| June 24, 1994. | New Mexico Court of Appeals affirms the conviction. |
| August 4, 1994. | New Mexico Supreme Court denies petition for writ of certiorari. |
| October 27, 1994. | Mandate returned to state district court. Petitioner's conviction is therefore final by this date. |
| June 12, 1998. | Petition for writ of *habeas corpus* is filed in state district court. |
| August 6, 1998. | State district court denies petition for writ of *habeas corpus*. |
| September 24, 1998. | New Mexico Supreme Court denies petition for writ of certiorari on state *habeas corpus* action. |

4. Ordinarily, the limitation period in Section 2244(d) would begin to run on the date when Petitioner's conviction became final due to the conclusion of direct appellate review by the state courts. However, Petitioner's Judgment and Sentence became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996. Therefore, the grace period allowed under *United States v. Simmonds*, 111 F.3d 737, 744-45 (10th Cir.

1997) applies. Under *Simmonds*, state prisoners whose convictions became final prior to April 24, 1996, must file their petitions within one year of the AEDPA's enactment.

5. The one-year *Simmonds* grace period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did file a petition for a writ of *habeas corpus* in state court on June 12, 1998. However, I note that Petitioner's grace period under *Simmonds* expired on April 24, 1997, over one year before he filed his state *habeas corpus* action.

6. It is undisputed that over two years passed from the enactment of the AEDPA in April, 1996 until Petitioner filed his state *habeas corpus* petition in June, 1998. It is also undisputed that no state post-conviction motions for collateral review were pending during that time period. Therefore, Petitioner missed the AEDPA deadline by over one year.

7. Petitioner presents one matter in his response to the Motion to Dismiss that appears to raise the question of whether equitable tolling should apply. Petitioner states that he hired an attorney "right after October 27, 1994" to correct the allegedly illegal sentence, but that his attorney took no action until June 12, 1998. Petitioner offers no excuse as to why he did not take action for over three and a half years while his attorney allegedly "ignored" his case. The Court will not consider equitable tolling in this case where Petitioner presents no evidence that he took any action to protect his rights for over three and a half years.

8. Because Petitioner's time limit under the AEDPA expired long before he filed either his state or federal *habeas corpus* petitions, I propose finding that the petition is time barred by 28 U.S.C. §2244(d).

Recommended Disposition

I recommend that Respondents' Motion to Dismiss, filed August 12, 1999 *(Doc. 10)*, be GRANTED and that the Petition be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-724pfd