IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY GONZALES,

    Petitioner,

vs.                              No. CIV 99-724 MV/LCS

JOE WILLIAMS, Warden, Lea
County Correctional Facility,
and PATRICIA MADRID, Attorney
General for the State of New Mexico

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Petitioner's Motion to Stay or Hold the Case in Abeyance; or, in the Alternative, Dismiss the Petition Without Prejudice, filed November 29, 1999 *(Doc. 19)*. For the reasons stated, I propose finding that the motion is well-taken in part and recommend that it be granted in part.

Proposed Findings

1.    Petitioner Tommy Gonzales is proceeding *pro se* and *in forma pauperis*. Petitioner filed this Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 28, 1999. Respondents answered the Petition on August 12, 1999 and filed a Motion to Dismiss contemporaneously with the Answer. Respondent's Motion to Dismiss argued that the Petition should be dismissed because it was time barred, because Petitioner failed to exhaust state

1

remedies, and because the Petition failed to state a constitutional violation.

2. On September 9, 1999, I entered proposed findings and recommended that the Petition be dismissed as time barred under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). *See* Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 15)*. Petitioner objected to the proposed findings and recommended disposition, asserting that any delays were caused by his attorney, Gary C. Mitchell, Esq. Petitioner claimed that Mr. Mitchell was hired to pursue *habeas corpus* relief in 1995, but did not file the state *habeas corpus* petition until June, 1998. Petitioner also asserted that Mr. Mitchell repeatedly corresponded with him during that three year time period, assuring him that his rights were being protected. Judge Vázquez sustained Petitioner's objections in part, and allowed Petitioner forty-five days in which to present the Court with an evidentiary basis for his assertions. Judge Vázquez also required Petitioner to designate portions of the record that are responsive to the other issues raised by Respondent's motion to dismiss, i.e., failure to exhaust state remedies and failure to state a constitutional claim.

3. Petitioner filed his present motion on November 29, 1999, in response to Judge Vázquez' order. Petitioner attached a series of letters from Mr. Mitchell that support his claim that Mr. Mitchell was hired to pursue post-conviction relief as early as June, 1995, corresponded with him through 1996 and 1997, yet did not file the state *habeas corpus* petition until June 12, 1998. Petitioner also presents a series of three recent letters that he wrote to Mr. Mitchell requesting affidavits, records, or other information that he could submit to document his claims. Petitioner claims that Mr. Mitchell has refused to answer any of these letters, and requests an evidentiary hearing and issuance of a subpoena *duces tecum* to Gary Mitchell. Petitioner presents

no evidence that he has exhausted his state remedies; in fact, his motion requests, in the alternative, that the Petition be dismissed without prejudice to allow him to exhaust his state remedies.

4. Respondents have not filed a response to the motion presently before the Court. Local rule D.N.M. LR-Civ. 7.5(b) provides that failure to serve or file a response constitutes consent to grant the motion. Accordingly, I propose finding that Respondents consent to the Court granting the motion.

5. The AEDPA's one-year limitations period is not jurisdictional, and may be subject to equitable tolling in exceptional circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). As a prerequisite for a court to consider equitable tolling, an inmate must show that he or she diligently pursued the claims being raised in the present federal *habeas corpus* petition. *See id.* I propose finding that Mr. Gonzales has established a sufficient foundation that he diligently pursued his claims so that this Court may consider equitable tolling. However, this Court need not decide whether equitable tolling applies in this case because Petitioner admits that he has not exhausted his state remedies.

6. Exhaustion of state remedies is required as a matter of comity before a federal court may entertain a *habeas corpus* petition by a state prisoner. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Unless there are exceptional circumstances present, dismissal of the federal action without prejudice is appropriate when a federal court is faced with a petition containing unexhausted claims. *See id.* at 939. Petitioner agrees that dismissal without prejudice is appropriate. *See* Petitioner's Motion to Stay *(Doc. 19)* at ¶ 8.

7. Conducting an evidentiary hearing on equitable tolling or holding the case in abeyance to allow Petitioner time to gather further evidence on equitable tolling would serve no useful purpose because this case must be dismissed for failure to exhaust state remedies.

Recommended Disposition

I recommend that Petitioner's Motion to Stay or Hold the Case in Abeyance; or, in the Alternative, Dismiss the Petition Without Prejudice, filed November 29, 1999 *(Doc. 19)*, be GRANTED IN PART and that the Petition be DISMISSED WITHOUT PREJUDICE to allow Petitioner to exhaust his claims in state court. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-724pfd 2